IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH TRENT JONES,**

    **Plaintiff,**

v.                                         Civil Action Number: 2:25-cv-00240

**WEXFORD HEALTH SOURCES, INC.;**
**AUTUMN BLAIR/LILLY**
**and JOHN/JANE DOES,**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Joseph T. Jones, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Joseph T. Jones (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the South Central Regional Jail (hereinafter, "SCRJ"). Plaintiff is not currently incarcerated.

2. Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford") is a health service business that contracted with the WVDOCR to provide health services. Defendant is an out of state corporation that does business throughout the Southern District of West Virginia, including, but not limited to, Charleston, Kanawha County, West Virginia. Defendant Wexford was responsible for providing proper and adequate care to the plaintiff. Defendant Wexford and its employees were at all times acting under the color of state law. Defendants Autumn Blair/Lilly and John/Jane Does were employed by Defendant Wexford, all of whom had knowledge of and repeatedly ignored the chronic pain in plaintiff's broken leg. Despite being informed by plaintiff of the serious pain he was suffering, and despite being informed by and through radiographic studies that plaintiff had a fracture of the fibula. Defendants failed to have

plaintiff seen by a specialized medical provider or provide any meaningful treatment to plaintiff thereby causing severe pain and a permanent injury. Moreover, defendants repeatedly ignored plaintiff's complaint of pain and difficulty in ambulating. Plaintiff's condition required referral to a specialist(s). ER documentation specified follow-up with the CAMC Ortho Trauma Group. See Exhibit A. Plaintiff broke his leg on March 19, 2023 and was placed into custody on this date. Plaintiff remained in custody for 120 days without receiving follow-up and proper medical intervention. Plaintiff was x-rayed at a local hospital and directed to have follow-up care with an orthopedic doctor. Defendants Wexford, Autumn Blair/Lilly and other employees were aware of the diagnosis and orders to follow up with a specialist. Defendants intentionally failed to follow this order and acted in a deliberately indifferent manner to a serious medical need.

3. Autumn Blair/Lilly and John/Jane Does were individuals employed by Defendant Wexford that were also responsible for providing medical services and referrals and who were also aware of plaintiff's broken fibula as well as the severe pain in his leg when they failed to provide medical care for his fractured leg. Defendant Autumn Blair/Lilly and Does were at all times acting under the color of state law and were provided multiple sick calls, grievances and requests for treatment by the plaintiff as well as the order to follow up with the specialist. Defendant Autumn Blair/Lilly was aware of these requests as shown on the responses provided to plaintiff's grievances. See Exhibit B. Defendants failed to follow the hospital's order.

4. Defendant Autumn Blair/Lilly and Does were employed by Defendant Wexford at the South Central Regional Jail. The individual Defendants were deliberately indifferent to Plaintiff's serious medical needs after Plaintiff suffered a serious break to his leg and continued to suffer serious pain to his lower leg. Plaintiff sought treatment through Defendants. Defendants were deliberately indifferent to Plaintiff's serious medical needs despite their actual

knowledge that Plaintiff's injuries were serious and causing great pain and disability. Plaintiff was forced to endure excruciating pain while his condition continued to progress, all of which further resulted in Plaintiff suffering prolonged severe pain, malunion of his bone and emotional distress. The Defendants' deliberate indifference was a violation of policy and procedure and resulted in the wanton and willful infliction of pain upon the Plaintiff which is proscribed by the Constitution of the United States. The failure to provide appropriate medical care resulted in plaintiff requiring corrective surgery that would have otherwise been unnecessary. Defendants knew at all relevant times that plaintiff required referral to a specialist.

5. Plaintiff continued to complain to defendants about his leg and inability to ambulate. Plaintiff was never sent for an orthopedic consultation. Plaintiff was informed that his leg would need to be refractured for repair. The reckless, wanton, wrongful and indifferent acts and omissions of the Defendants directly resulted in Plaintiff not receiving treatment. Plaintiff has exhausted all available administrative remedies. Plaintiff is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to Plaintiff's claims made herein if applicable.

6. The deliberately indifferent conduct of the defendants directly resulted in plaintiff not being provided with timely medical care for his fracture as well as chronic pain in his leg.

7. All events and occurrences alleged herein occurred in the State of West Virginia.

### COUNT I - VIOLATIONS OF THE UNITED STATES CONSTITUTION
### DELIBERATE INDIFFERENCE (42 U.S.C. §1983)

8. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 7 as if set fully for herein.

9. Defendants, while acting under the color of state law, violated Plaintiff's constitutional rights through deliberate indifference to his safety, personal and serious medical

needs, thereby resulting in plaintiff being subjected to chronic leg pain without treatment or proper evaluation for as well as being subjected to a fracture for over 120 days without orthopedic review and intervention. This deliberate indifference continued for the full 120 days. The conduct of defendants is part of a custom, pattern and practice of withholding timely medical treatment when the treatment must be provided by an outside physician or hospital. Moreover, defendants are guilty of a pattern of ignoring orthopedic injuries until such time the injury becomes permanent or requires surgery for correction. Approval for treatment must come from a physician located out of state who never sees or assesses the inmate. Necessary referrals or orders are routinely denied.

10. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth or Fourteenth Amendment to the United States Constitution. Such conduct is actionable pursuant to 42 United States Code § 1983.

11. The inaction of Defendants was carried out in bad faith and was in violation of plaintiff's constitutional rights. Defendants would have known that their conduct was a violation of plaintiff's constitutional rights as a result of legal precedent and their training.

12. Defendants violated Plaintiff's constitutional rights as a prisoner under the Eighth/Fourteenth Amendments to the United States Constitution as described and identified herein, by carrying out a policy or custom of withholding outside medical care or treatment or any medical care for plaintiff's leg injury, despite having knowledge that the condition caused severe pain and despite knowing that it placed plaintiff at serious risk of harm. Defendants have a history of not providing timely treatment when it is to be provided by an outside physician. This occurs so often that it rises to a level of a policy or custom. In this case they provided no specialized care or treatment.

13. Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law.

### COUNT II – DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED THROUGH THE CUSTOM AND PRACTICE OF <u>DENYING OUTSIDE MEDICAL TREATMENT</u>

14. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 13 as if fully set forth herein.

15. Defendant Wexford and its Defendant employees are guilty of a pattern and custom of ignoring medical conditions that require evaluation and treatment by specialists outside of the correctional facilities. Defendants have demonstrated a pattern, practice and custom of failing to authorize treatment by specialists through the process known as a collegial review. Furthermore, the review process knowingly results in inmates such as plaintiff being denied timely medical care for serious medical conditions. Upon information and belief, Defendant Wexford further refused to authorize the orthopedic referral and failed to timely convene and/or approve the collegial process for the purpose of having plaintiff evaluated, treated and referred to a specialist for an injury that clearly required intervention by a specialist.

16. The custom and practice of Defendant Wexford, by and through its employee defendants, in denying treatment or evaluation by a specialist violated the constitutional rights guaranteed to Plaintiff under the Eighth and/or Fourteenth Amendments to the United States Constitution. Such conduct is actionable pursuant to 42 United States Code § 1983.

17. The conduct of Defendants was not carried out in good faith and was in violation of plaintiff's constitutional rights. Defendants, including Wexford, would have known that their conduct was a violation of plaintiff's constitutional rights as a result of legal precedent and training.

18. Defendants violated Plaintiff's constitutional rights as a prisoner in WVDOCR custody under the Eighth and/or Fourteenth Amendments to the United States Constitution as described and identified herein, by carrying out a policy or custom of withholding outside medical care or treatment or any medical care for plaintiff's fracture, despite having knowledge that the condition was causing severe pain and despite knowing that it placed plaintiff at serious risk of harm. Defendant Wexford and its employees have a history of following a policy or custom of not providing timely treatment or referrals to specialists.

19. Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law as well as attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT III -MEDICAL NEGLIGENCE

20. Plaintiff does not reassert the previous paragraphs set forth herein.

21. Plaintiff, Joseph T. Jones (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the South Central Regional Jail (hereinafter, "SCRJ"). Plaintiff is not currently incarcerated.

22. Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford") is a health service business that contracted with the WVDOCR to provide health services. Defendant is an out of state corporation that does business throughout the Southern District of West Virginia, including, but not limited to, Charleston, Kanawha County, West Virginia. Defendant Wexford was responsible for providing proper and adequate care to the plaintiff. Defendant Wexford and its employees were at all times acting under the color of state law. Defendants Autumn Blair/Lilly and John/Jane Does were employed by Defendant Wexford, all of whom had knowledge of and repeatedly ignored the chronic pain in plaintiff's broken leg. Despite being informed by plaintiff of the serious pain he was suffering, and despite being informed by and

through radiographic studies, CAMC medical records and grievances, that plaintiff had a fracture of the fibula, defendants failed to have plaintiff seen by a specialized medical provider or provide any meaningful treatment to plaintiff. The failure to have plaintiff treated by a specialist was a breach of the standard of care and resulted in plaintiff suffering severe pain and a permanent injury. Moreover, defendants repeatedly ignored plaintiff's complaint of pain and difficulty walking. Plaintiff's conditions required referral to a specialist(s). ER documentation specified follow-up with the CAMC Ortho Trauma Group. Plaintiff broke his leg on March 19, 2023 and was placed into custody on this date. Plaintiff remained in custody for 120 days without receiving proper medical intervention. Plaintiff was under continual care of the defendants for 120 days. Defendant Autumn Blair/Lilly and Does were responsible for having plaintiff referred and transported to an orthopedic specialist.

23. Autumn Blair/Lilly and John/Jane Does were individuals employed by Defendant Wexford that were also responsible for providing medical services and referrals and who were also aware of plaintiff's broken fibula as well as the severe pain in his leg when they failed to provide proper and timely medical care and referral to an orthopedic specialist. Defendant Does were at all times acting under the color of state law and were provided multiple sick calls, grievances and requests for treatment by the plaintiff for his fracture.

24. Plaintiff, while under the care of defendants, continued to complain to defendants about his leg. The negligent acts and omissions of the Defendants directly resulted in Plaintiff suffering for a prolonged time period. Plaintiff has exhausted all available administrative remedies. Plaintiff is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to Plaintiff's claims made herein if applicable.

25. Plaintiff asserts the claims herein for medical negligence in the alternative to plaintiff's claims for deliberate indifference to serious medical need previously set forth herein.

26. Defendants are medical providers that are charged with providing the applicable standard of medical care. Defendants breached the standard of medical care when they failed to provide plaintiff with evaluation and treatment for his broken leg. The standard of care required that defendants provide plaintiff medical treatment with an orthopedic specialist.

28. The breach of standard of care resulted in plaintiff suffering severe prolonged pain as well as a permanent injury.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

JOSEPH TRENT JONES,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroeb@aol.com